## LOGAN vs. GRAY.

Whether evidence of a promise to marry, generally, will support a count on a promise to marry on request, or at a particular time.

In an action on the case, for breach of promise of marriage, the plaintiff may give in evidence, that she had a child, and that the defendant treated and spoke of the child as his, although no special damages are claimed on that account.

Whether two persons intermarried, is proveable by parole.

CASE, FOR BREACH OF PROMISE OF MARRIAGE.

PLEA—Non assumpsit.

HAMMOND, for plaintiff.

WRIGHT, for defendant.

Evidence for the plaintiff:—That the defendant had courted the plaintiff a considerable length of time, and had often conversed with her family connections about marrying her, previous to the 20th of October, 1812, when John Logan, the plaintiff's brother, being about to leave home to go out in the army, the defendant told him that he and the plaintiff were to be married in two weeks, and the defendant then

<div style="margin-left:2em">BELMONT.<br>November,<br>1816.<br><br>Logan,<br>v.<br>Gray.</div>

agreed to take charge of John's family and property in his absence. The plaintiff had a child born in October, 1813 ; she complained to a justice, of the defendant, as father of the child, and proceedings were commenced under the statute, which were stopped on defendant's promising to marry the plaintiff. The defendant acknowledged, to the plaintiff's mother, that he had not fulfilled his promises to the plaintiff. The defendant always spoke of the plaintiff's child as his own. · The plaintiff is of a good character and respectable family of farmers, in middling circumstances, and about 25 years of age. The defendant is worth about $5,000, and was married on the 4th of July, 1815, to Miss A—.

WRIGHT, for the defendant, observed, that the declaration contained only one count, and that the promise to marry was laid to be " on request" ; he asked the court to decide.

1st. Whether the evidence given, proved the promise as laid.

2d. Whether evidence could be received of the plaintiff's having been pregnant, and having had a child by, the defendant.

3d. Whether parole proof of defendant's marriage could be received.

He contended, that to let in proof of the plaintiff's pregnancy, and having a child by the defendant, it should have been averred in the declaration. That this action was solely for breach of promise of marriage, without any special damage ; and that, therefore, evidence of special damages would not be received : that the law requires all marriages to be recorded, and that a copy of the record was the only evidence competent to prove a marriage.

HAMMOND, contra.

PRESIDENT.—As to the 1st point : the evidence goes to prove a promise of marriage, generally. The inclination of my mind is, that such evidence will not support a count in which the promise is laid either to marry on request or at any particular time ; but that the proof must strictly conform to the allegation ; the cause may progress, however, and we will reserve this point, if counsel think proper to move it hereafter.

As to the 2nd. point : I am of opinion that the evidence is admissible. The general rule of law is, undoubtedly, as stated by Mr. Wright : in order to let in evidence of special damage, it must be averred in the declaration ; but this kind of action, and this kind of evidence, may form a reasonable exception to the general rule ; for in this form of

action it would seem difficult to prove that, in point of fact, the defendant was the father of the plaintiff's child; and I do not understand that it is attempted to be so proven. That she had a child, and that the defendant treated the child as his own, may be given in evidence to prove the intimacy of the parties, the extent to which her affections were engaged by his attentions; and it seems as apposite as evidence of his conversations and conduct in other respects toward her and her friends. Perhaps even a promise of marriage may be implied from a combination of such circumstances. If it might be so implied, then, surely, the evidence is admissible under a general count, to prove an implied promise.

There is much less doubt on the third point; for the fact, to be proven, can only be proven by parole evidence. The question is not whether persons of the names of A. B. and C. D. intermarried on a given day; you might produce a record of the marriage of Robert Gray, and be no nearer proof of the fact of this defendant's marriage than you would be without the record. The question is, did this defendant marry at a particular time? It is a question of identity, to the proof of which a record in the usual form does not reach, and which can only be answered by those who were eye witnesses of the ceremony, or were in a situation to know the fact. Suppose that no record had been made of this marriage? The person who performs the ceremony had neglected his duty; but the marriage remains valid, and susceptible of proof.

The defendant then proceeded with his evidence.

Verdict for the plaintiff, $1000 damages.

The defendant gave notice of appeal. The point reserved was not moved. Judge Alexander did not sit on the trial, the defendant being a connection of his.

*(Margin notes: BELMONT. November, 1816. Logan v. Gray. 2 Taunton, 6th per Heath.)*